# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORDO
# Chief Judge Marcia S. Krieger

Civil Action No. 16-cv-02574-MSK

TONY HO,

    Plaintiff,

v.

NANCY BERRYHILL, Acting Commissioner of the Social Security Administration,

    Defendant.

## OPINION AND ORDER REVERSING AND REMANDING DISABILITY DETERMINATION

**THIS MATTER** comes before the Court as an appeal from the Commissioner's Final Administrative Decision ("Decision") determining that the Plaintiff Tony Ho is not disabled within the meaning of §§216(i) and 223(d) of the Social Security Act. Having considered all of the documents filed, including the record **(#14)**, the Court now finds and concludes as follows:

## JURISDICTION

The Court has jurisdiction over an appeal from a final decision of the Commissioner under 42 U.S.C. § 405(g). Mr. Ho sought disability insurance benefits Title II of the Social Security Act based on physical impairments that rendered him unable to work as of February 12, 2011. The state agency denied his claim. He requested a hearing before an Administrative Law Judge ("ALJ"), who issued an unfavorable decision. Mr. Ho appealed to the Appeals Council, which denied his request for review, making the ALJ's determination the final decision of the Commissioner. Mr. Ho timely appealed to this Court.

**STATEMENT OF FACTS**

The Court offers a brief summary of the facts here and elaborates as necessary in its analysis.

Mr. Ho was born on March 10, 1970. He obtained his GED, attended beauty school, and has worked as a manicurist. He contends that physical impairments prevent him from working.

In February 2011, Mr. Ho fell down several steps, hit his head, and lost consciousness. He was diagnosed with cervical central cord syndrome and spinal stenosis with myelopathy and underwent C3-7 posterior laminectomy and fusion surgery to redress his injuries. Although the surgery improved Mr. Ho's condition, he continued to suffer from pain and numbness in his neck and right arm. He was treated by a pain specialist.

On November 18, 2011, a vehicle struck him while he was walking in a parking lot. He was knocked unconscious and suffered a medial fracture to his right eye, multiple broken ribs, and a punctured lung.

Approximately two years later, he was in an automobile accident and suffered a concussion, cervical strain, and a chest contusion. In addition to his prior conditions, he was newly diagnosed with pseudoarthrosis with right C7 radiculopathy. In July 2014, he underwent a second surgery for discectomy and fusion at C6-7, right C6 foraminotomy, and decompression of cervical stenosis. Mr. Ho complains that he still suffers from neck, back, leg, rib and right-arm pain, difficulty in using his right hand, and depression.

**Opinions by Treating Professionals**

Mr. Ho provided only one Medical Source Statement in support of his disability claim. A physician's assistant, Neelam Gala, opined that Mr. Ho can only walk one-half of a city block before needing to rest or suffering severe pain, can sit for up to thirty minutes at one time, can

stand for forty-five minutes at one time, can only sit for a total of less than two hours during an eight-hour day, and can only stand and/or walk for less than two hours during an eight-hour day; muscle weakness, pain, and/or numbness would require him to take ten-minute breaks every thirty minutes during a work-day; he could never lift any weight, twist, stoop, or climb ladders and could only rarely crouch, squat, or climb stairs during a work-day; he could only grasp, turn, or twist objects, perform fine manipulations, reach in front of his body, and reach overhead 5% of the time with his right hand and 20% of the time with his left hand; he would be off task for 25% or more of a workday, was incapable of even low-stress work, and would be absent from work for more than four days each month.

Additionally, although he did not fill out a Medical Source Statement, on January 8, 2014, the surgeon who performed Mr. Ho's first surgery, Dr. G. Alexander West, stated,

> [Mr. Ho] has chronic myelopathy with weakness, sensory deficits and significant chronic neuropathic pain that has been challenging to manage. With this being said Mr. Ho is advised to maximize his conservative therapy approaches, including PT, acupuncture, massage etc. He will return on an as needed basis. Due to his chronic myelopathy from his spinal cord injury he remains unable to work: It is unlikely his symptoms will improve to allow him to work.

**Opinions by Non-treating Professionals**

On August 1, 2014, Dr. F. Yamamoto reviewed Mr. Ho's file but did not examine him. Dr. Yamamoto opined that Mr. Ho could occasionally lift up to twenty pounds and frequently lift up to ten pounds; he could stand and/or walk for about six hours in an eight-hour workday; he could sit for about six hours in an eight-hour workday; he could push and/or pull without limitation as long it did not involve weights in excess of twenty pounds; his ability to reach, handle, and feel was not limited, but he could only occasionally finger with his right hand.

## THE ALJ'S DECISION

The ALJ analyzed his case pursuant to the sequential five-step inquiry. At step one, the

ALJ found that Mr. Ho had not worked or engaged in substantial gainful activity from the alleged onset date of February 12, 2011. At step two, the ALJ found Mr. Ho had medically severe impairments of cervical spine stenosis with myelopathy following severe traumatic central cord syndrome from a fall requiring C3-7 posterior laminectomy and fusion surgery and, as of December 31, 2013, C6-7 pseudoarthrosis with right C7 radiculopathy requiring revision surgery for discectomy and fusion at C6-7, right C6 foraminotomy, and decompression of cervical stenosis. At step three, the ALJ found that Mr. Ho's impairments did not equal the severity of a listed impairment in the appendix of the regulations. At step four, the ALJ first assessed Mr. Ho's Residual Functional Capacity ("RFC") and determined that:

> [Mr. Ho] has the residual functional capacity to perform work-related activities with the following restrictions: lifting, carrying, pushing, and/or pulling 20 pounds occasionally and 10 pounds frequently; standing and/or walking for about six hours in an eight-hour workday; sitting for about six hours in an eight-hour workday; frequently perform handling and fingering with the right (dominant) upper extremity; no work at heights or driving for work; occasional work around dangerous, moving machinery; and is able to understand, remember, and carry out tasks that can be learned in up to (and including) one year.

The ALJ then found that Mr. Ho could not perform his past relevant work. However, at step five, the ALJ found that Mr. Ho could perform jobs that exist in significant numbers in the national economy, and thus, he was not disabled.

## ISSUES PRESENTED

Mr. Ho raises four objections to the ALJ's decision: (1) the ALJ erred in assigning appropriate weight to Ms. Gala's opinion and by ignoring Dr. West's opinion; (2) the ALJ erred in not ordering a psychological evaluation; (3) the ALJ erred in not considering the effects of narcotic medications on Mr. Ho's ability to work; and (4) the ALJ erred in not finding that Mr. Ho's impairments meet a listing in the appendix of the regulations. Because the issue is dispositive, the Court only addresses whether the ALJ erred by ignoring Dr. West's opinion.

4

## STANDARD OF REVIEW

On appeal, a reviewing court's judicial review of the Commissioner of Social Security's determination that claimant is not disabled within the meaning of the Social Security Act is limited to determining whether the Commissioner applied the correct legal standard and whether the Commissioner's decision is supported by substantial evidence. *Hamilton v. Sec'y of Health &Human Servs.*, 961 F.2d 1495, 1497-98 (10th Cir. 1992); *Brown v. Sullivan*, 912 F.2d 1194, 1196 (10th Cir. 1990); *Watkins v. Barnhart*, 350 F.3d 1297, 1299 (10th Cir. 2003). If the ALJ failed to apply the correct legal standard, the decision must be reversed, regardless of whether there was substantial evidence to support factual findings. *Thompson v. Sullivan*, 987 F.2d 1482, 1487 (10th Cir. 1993). In determining whether substantial evidence supports factual findings, substantial evidence is evidence a reasonable mind would accept as adequate to support a conclusion. *Brown*, 912 F.2d at 1196; *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007). It requires more than a scintilla but less than a preponderance of the evidence. *Lax*, 489 F.3d at 1084; *Hedstrom v. Sullivan*, 783 F. Supp. 553, 556 (D. Colo. 1992). "Evidence is not substantial if it is overwhelmed by other evidence in the record or constitutes mere conclusion." *Musgrave v. Sullivan*, 966 F.2d 1371, 1374 (10th Cir. 1992). Although a reviewing court must meticulously examine the record, it may not weigh the evidence or substitute its discretion for that of the Commissioner. *Id.*

## ANALYSIS

Mr. Ho argues that the ALJ erred by ignoring the opinion of Dr. G. Alexander West, one of Mr. Ho's treating physicians. In response, the Commissioner argues that the ALJ implicitly

considered Dr. West's opinion and gave it little weight because it addresses issues reserved to the Commissioner.

A treating physician's opinion must be given controlling weight if (1) it is well supported by medically acceptable clinical and laboratory diagnostic techniques and (2) it is consistent with the other substantial evidence in the record. *Pisciotta v. Astrue*, 500 F.3d 1074, 1077 (10th Cir. 2007). If either of these requirements is not satisfied, then the opinion is not accorded controlling weight. To give a treating provider's opinion less than controlling weight, the ALJ must give specific and legitimate reasons. *Drapeau v. Massanri*, 255 F.3d 1211 (10th Cir 2001). This requires that the ALJ be specific in describing how the opinion is unsupported by clinical and laboratory diagnostic techniques, or identify how it is inconsistent with substantial evidence in the record. *Langley v. Barnhart*, 373 F.3d 1116, 1119 (10th Cir. 2004).

If a treating physician's opinion is not given controlling weight, its relative weight must be assessed in comparison to other medical opinions in the record. The factors considered for assessment of weight of all opinions are:

> (1) the length of the treatment relationship and the frequency of examination; (2) the nature and extent of the treatment relationship, including the treatment provided and the kind of examination or testing performed; (3) the degree to which the physician's opinion is supported by relevant evidence; (4) consistency between the opinion and the record as a whole; (5) whether or not the physician is a specialist in the area upon which an opinion is rendered; and (6) other factors brought to the ALJ's attention which tend to support or contradict the opinion.

*Allman v. Colvin*, 813 F.3d 1326, 1331–32 (10th Cir. 2016). None of these factors are controlling; not all of them apply to every case, and an ALJ need not expressly discuss each factor in his or her decision. *Oldham v. Astrue*, 509 F.3d 1254, 1258 (10th Cir. 2007). However, "the record must reflect that the ALJ *considered* every factor in the weight calculation." *Andersen v. Astrue*, 319 Fed. App'x 712, 718-19 (10th Cir. 2009)(*emphasis* in original). Finally, just as when an ALJ determines whether to give a treating provider's opinion controlling weight,

the ALJ must provide legitimate, specific reasons for the relative weight assigned. *Langley*, 373 F.3d at 1119.

However, a treating physician's opinion is not entitled to any deference if it is on an issue reserved to the Commissioner. 20 C.F.R. § 404.1527(d); *Cowan v. Astrue*, 552 F.3d 1182, 1189 (10th Cir. 2008). Issues reserved to the Commissioner include whether a claimant is "disabled" or "unable to work", whether a claimant's impairment meets or equals a listed impairment in the appendix of the regulations, a claimant's RFC, and the application of vocational factors. 20 C.F.R. § 404.1527(d)(1)-(2).

Dr. West treated Mr. Ho from early 2011 through early 2014 and performed Mr. Ho's first spinal surgery. Although he did not fill out a Medical Source Statement, Mr. Ho submits Dr. West's opinion in his medical records: (1) "Mr. Ho has chronic myelopathy with weakness, sensory deficits and significant chronic neuropathic pain"; and (2) Mr. Ho is unable to work and will likely not be able to return to work.

The Decision does not discuss either opinion. The failure to address the second opinion is harmless because it is on issues reserved solely to the Commissioner. However, the failure to discuss the first opinion requires remand. Although an ALJ is not required to discuss every item of evidence before him or her, he or she must "discuss the uncontroverted evidence [he or she chose] not to rely upon, as well as significantly probative evidence [she] reject[ed]." *Frantz v. Astrue*, 509 F.3d 1299, 1302 (10th Cir. 2007) (quoting *Clifton v. Chater*, 79 F.3d 1007, 1009-10 (10th Cir. 1996)). The failure to do so makes it impossible for an appellate court to assess whether an ALJ's decision is supported by substantial evidence and requires reversal and remand for the ALJ to set out specific findings and reasons for accepting or rejecting the uncontroverted

or substantially probative evidence the ALJ did not rely on or rejected. *Clifton*, 79 F.3d at 1009-10.

Dr. West's first opinion is presumed to be controlling and is uncontroverted. The ALJ's failed to address it is legal error, and the Court cannot assume that the ALJ considered the evidence and rejected it. Dr. West diagnosed Mr. Ho with medical impairments that the ALJ did not find were severe at step two, specifically, weakness, sensory deficits, and chronic neuropathy. Without appropriate analysis, it is unclear whether the ALJ found the medical impairments identified by Dr. West to be severe or not, continuing[1] or not, and how they affected Mr. Ho's residual functional capacity.

## CONCLUSION

For the foregoing reasons, the Commissioner's decision is **REVERSED** and this matter is **REMANDED** to the ALJ for further proceedings. The Clerk shall enter a judgment in this matter.

Dated this 24th day of January, 2018

**BY THE COURT:**

*Marcia S. Krieger*
Marcia S. Krieger
United States District Court

---

[1] The ALJ did find that Mr. Ho has suffered from radiculopathy, a type of neuropathy, requiring revision surgery for discectomy and fusion. However, there was no finding as to whether the radiculopathy was chronic or acute or whether it resolved after surgery.

8